COWART, Judge.
An employer, appellant Barney Cortell, hired appellee Vicky Barrow to assist in managing his rental properties. On numerous occasions Barrow embezzled money from the employer, altering business records to conceal her thefts. The employee entered into an agreement, separately guaranteed by her parents, appellees Henry and Gertrude Naumaiskis, to reimburse the employer for the stolen funds.
In the reimbursement agreement, the employee admitted that she misappropriated and mismanaged the revenue, accounts, and property of the employer for her personal gain to the financial detriment of the employer. The employee acknowledged that the employer is entitled to reimbursement for all sums of money taken by her during her employment. This agreement also provided that an audit would be necessary to determine how much money was embezzled and a mutually satisfactory certified public accountant was named to perform the audit, the cost of which was to be borne by the employee. In the agreement the employee agreed to place $10,000 in a separate trust account to be held in escrow pending completion of the audit. Credit against the amounts dispersed to the employer from the trust account was to be given the employee for any sums she paid directly to the employer. The employee placed $8,864.41 in escrow but failed to place the full $10,000 as agreed.
The named accountant determined that the embezzled funds totaled $16,713.85. When the employee failed to pay that sum, the employer brought an action, on several theories, for that sum less credit for $8,864.41 which the employee had put into the trust account pursuant to the agreement. After a non-jury trial, the trial court found the employer entitled to no additional sums.
The employee contended at trial[1] that the $8,864.41 she paid into the trust account fully discharged her obligations to the employer, supporting her position with testimony of a C.P.A. she retained. The testimony of the employee’s C.P.A. cannot alter the fact that the employee (and her parents) expressly agreed to be bound by the named accountant’s determination of the amount she embezzled. This is an essential covenant in both the reimbursement and guarantee agreements, and there is nothing in the record showing the named accountant erred in determining that the embezzled funds totaled $16,713.85. The employee’s retained C.P.A. based his testimony solely on the employee’s calculations, without examining the employer’s records. Finally, nothing in either the reimbursement or guarantee agreements placed a $10,000 ceiling on the amount the employee would repay the employer. Even if so, we find that the employer would not be bound thereby because the employee, in failing to place the full $10,000 into the trust account as agreed, breached the reimbursement *1079 agreement. Therefore, we reverse the judgment in favor of the employee and her parents, and remand this case to the trial court to enter a judgment for $7,849.44 ($16,713.85 less $8,864.41) in favor of the employer and against the employee and her parents on the employer’s breach of contract action.[2]
REVERSED and REMANDED.
COBB, J., concurs.
UPCHURCH, C.J., dissents with opinion.

. The employee has made no appearance in this appeal.

. By electing to affirm the contract, the employer waived his action for civil theft and treble damages against the employee.